IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| In re: CARYN DEVINS STRICKLAND, Petitioner. | No. 24-1353 |

**DEFENDANTS' RESPONSE IN OPPOSITION
TO MOTION TO CERTIFY QUESTION OF LAW
TO THE U.S. SUPREME COURT**

This is an employment-discrimination suit in which a bench trial concluded on January 4, 2024. In September 2022, the district court consolidated plaintiff Caryn Strickland's request for a preliminary injunction awarding purported "front pay" with a trial on the merits. This Court has rejected Strickland's prior efforts to obtain appellate relief from that consolidation decision. *See In re Strickland*, 87 F.4th 257, 261 (4th Cir. 2023); *Strickland v. United States*, No. 22-1963, 2022 WL 10416526, at *1 (4th Cir. Oct. 18, 2022). In this proceeding, Strickland again seeks a writ of mandamus based on her disagreement with the district court's consolidation decision—notwithstanding the completion of the consolidated trial and preliminary injunction hearing. Rather than await this Court's disposition of that petition (which is without merit), Strickland has now filed a motion asking "this Court to certify a question of law to the Supreme Court of the United States" under

28 U.S.C. § 1254(2) regarding the timeliness of the district court proceedings. Mot. 1. The statutory certification provision she invokes is "virtually, but not quite, a dead letter": the Supreme Court has not accepted a certified question under this process in more than forty years. *See* Stephen M. Shapiro et al., *Supreme Court Practice* 9-3 (11th ed. 2019) (Stern & Gressman). The Court should deny Strickland's motion.

**STATEMENT**

This Court's decision denying Strickland's prior petition for a writ of mandamus includes most of the details relevant to Strickland's renewed petition and her subsequent motion to certify a question to the Supreme Court. *See In re Strickland*, 87 F.4th 257, 259-61 (4th Cir. 2023). As that decision explains, after this Court reversed the dismissal of some of Strickland's claims and remanded them to district court for further proceedings, Strickland moved for "'a preliminary injunction ordering Defendants to compensate her for her lost earnings while this litigation is pending.'" *Id.* at 259 (quoting ECF No. 125, at 1). The district court notified the parties that "it intended to consolidate the trial on the merits with the hearing on Strickland's motion for a preliminary injunction" pursuant to Federal Rule of Civil Procedure 65(a)(2), which provides that "[b]efore or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and

consolidate it with the hearing," Fed. R. Civ. P. 65(a)(2). *Strickland*, 87 F.4th at 259. The district court repeatedly informed Strickland that she had the option of proceeding to the hearing "within a relatively short period of time." *Id.* But instead, "Strickland chose" to "proceed[] with discovery" in anticipation of "a consolidated trial/hearing in September 2023." *Id.* Strickland then "knowingly decided to forego that trial date in order to engage in mediation with the defendants," but those efforts at mediation were unsuccessful. *Id.* at 261.

After the district court set a trial date of December 11, 2023, Strickland petitioned this Court for a writ of mandamus, contending that the district court's scheduling determinations had "unduly delayed holding a consolidated trial on the merits of her claims and a hearing on her motion for preliminary injunction" and had thereby contravened a statute and two rules governing preliminary injunction motions. *Strickland*, 87 F.4th at 259-61 (first citing 28 U.S.C. § 1657(a); then citing Fed. R. Civ. P. 40; and then citing Fed. R. Civ. P. 65(a)(2)). This Court denied that petition in a published decision, explaining that "[n]othing in [28 U.S.C.] § 1657 or [Federal Rules of Civil Procedure] 40 or 65(a)(2) required the district court to set a trial date earlier than [December 11, 2023]" and that "issuing a writ of mandamus directing the district court to set this matter for trial prior to December 11, 2023, would be entirely

3

inappropriate and would invade the 'broad discretion' that is 'given to the [district] court to manage its docket.'" *Id.* at 261 (final alteration in original) (quoting *Marryshow v. Flynn*, 986 F.2d 689, 693 (4th Cir. 1993)). This Court had similarly rejected Strickland's earlier effort to obtain appellate review of the district court's "procedural choice" to consolidate a hearing on the preliminary injunction motion with a trial on the merits. *Strickland v. United States*, 2022 WL 10416526, at *1 (4th Cir. Oct. 18, 2022) (dismissing attempted appeal for lack of appellate jurisdiction).

Trial began as scheduled on December 11, 2023. *See* Minute Order (Dec. 11, 2023). Strickland declined to call any witnesses to testify in support of her claims or to provide foundation for the documents on which she asserted the case should be resolved. *See* Transcript of December 11, 2023, Bench Trial Proceedings at 32-36, ECF No. 399. Defendants called several witnesses over the course of five court days in December, and trial concluded with closing arguments on January 4, 2024. *See* ECF Nos. 398-403. Since then, the district court has ruled on posttrial matters that Strickland raised and has explained that it is working "diligently to prepare full findings of fact and rulings of law." Order, ECF No. 414, at 2.

In April 2024, Strickland again petitioned this Court for a writ of mandamus, asserting that the district court's scheduling determinations

4

"blatantly violate" the same statutes and rules governing preliminary injunctions that she had relied upon in her prior mandamus petition. Pet. 2. Strickland then filed the motion at issue here, asking this Court to certify the following question to the Supreme Court:

> Whether the district court's nearly two-year delay in ruling on Plaintiff's motion for a preliminary injunction complies with 28 U.S.C. § 1657(a) and Federal Rule of Civil Procedure 40, which provide that a district court "shall expedite consideration" of a motion for preliminary injunction?[1]

## DISCUSSION

This Court has already correctly determined, in a published decision, that the same legal provisions invoked by Strickland here—28 U.S.C. § 1657(a) and Federal Rules of Civil Procedure 40 and 65(a)(2)—did not "entitle Strickland to a trial prior to . . . December 11, 2023." *In re Strickland*, 87 F.4th 257, 261 (4th Cir. 2023). The Court explained that "the record in this case, despite Strickland's protestations to the contrary, establishes that the district court has repeatedly attempted" to expeditiously evaluate Strickland's preliminary injunction motion and that Strickland's litigation choices led to a December 11, 2023, start date for the "consolidated trial/hearing." *Id.* at 259,

---

[1] Although this is not the appropriate proceeding for airing factual and legal disputes regarding the merits of this case, defendants note that they strongly disagree in numerous respects with the motion's discussion of the underlying factual record as well as the arguments regarding the legal conclusions that follow.

261. Thus, the sole remaining issue with respect to the district court's alleged "delay[] in ruling," Mot. 1, concerns the timing of the court's decision following the conclusion of that bench trial. But Strickland identifies no mandatory directive that the district court has contravened by not rendering final findings of fact and conclusions of law on her preferred timeline.

Strickland asks this Court to take the extraordinarily unusual step of certifying a legal question to the U.S. Supreme Court. But her motion provides no basis for this Court to conclude that "instructions are desired" from the Supreme Court with respect to any "question of law." 28 U.S.C. § 1254(2). As an initial matter, "[o]nly questions of law may be certified" under this provision, Supreme Court Rule 19(1), whereas Strickland's motion implicates at best a "mixed question[] of law and fact" as to whether the district court has improperly delayed the resolution of this particular case. *See Pflueger v. Sherman*, 293 U.S. 55, 57-58 (1934) (dismissing a certificate that "fail[ed] to conform to the requirement that questions submitted must be questions of law and not mixed questions of law and fact"). Strickland's quarrels with the district court's case-specific docket management decisions are far afield of any issue warranting Supreme Court review, let alone an issue this Court would be unable to resolve itself absent Supreme Court guidance. Indeed, as discussed, this Court has already addressed whether Strickland was

entitled to an earlier date for the consolidated trial and preliminary injunction hearing: the Court concluded that, on the record here, Strickland had no legal entitlement to a trial beginning earlier than December 11, 2023. *See Strickland*, 87 F.4th at 260-61. Strickland's dissatisfaction with this Court's answer to that fact-bound question does not "implicate[] the Supreme Court's supervisory power," Mot. 2, 8-10, and does not suggest that this Court needs "instructions" regarding this case, 28 U.S.C. § 1254(2).

Strickland's request thus falls short of the "exceptional" circumstances in which there could be any basis for this Court to certify a question of law to the Supreme Court. *Wisniewski v. United States*, 353 U.S. 901, 902 (1957) (per curiam). It has been more than 40 years since the Supreme Court accepted a question certified by a court of appeals. *See Iran Nat'l Airlines Corp. v. Marschalk Co.*, 453 U.S. 919 (1981). Between 1946 and 1981, the Court "accepted only four" such certifications. Stern & Gressman at 9-2. As the Court explained in dismissing a certificate issued by the Eighth Circuit in the 1950s, a court of appeals is tasked with "decid[ing] all properly presented cases coming before it," except in certain "rare instances" where this certification process "may be advisable in the proper administration and expedition of judicial business." *Wisniewski*, 353 U.S. at 902. Strickland's disagreements with the district court's reasonable docket management decisions here, *see Strickland*, 87 F.4th

7

at 261, provide no occasion to invoke this "almost completely unused device,"
17 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*
§ 4038 (3d ed.), Westlaw (database updated June 2024).

## CONCLUSION

The motion to certify a question to the Supreme Court should be denied.

Respectfully submitted,

SARAH CARROLL

  /s/ *Kevin B. Soter*
KEVIN B. SOTER
(202) 305-1754
  Attorneys, Appellate Staff
  Civil Division
  U.S. Department of Justice
  950 Pennsylvania Ave. NW
  Room 7222
  Washington, D.C. 20530

JUNE 2024

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), I hereby certify this motion complies with the requirements of Rule 27(d)(1)(E) because it has been prepared in 14-point Calisto MT, a proportionally spaced font, and that it complies with the type-volume limitation of Rule 27(d)(2)(A) because it contains 1,581 words, according to the count of Microsoft Word.

/s/ *Kevin B. Soter*
KEVIN B. SOTER