IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

In re CARYN DEVINS STRICKLAND,
    Petitioner.

No. 2024-1353

[No. 1:20-cv-00066]

**NOTICE OF DEFENDANTS' RESPONSE REGARDING DISCLOSURE OF PUBLIC RECORDS FROM THE INTERCIRCUIT-ASSIGNMENT PROCESS**

Plaintiff-Appellant Caryn Devins Strickland respectfully provides notice to this Court that, in response to her July 10, 2024 request for disclosure of public records from the intercircuit-assignment process, Defendants responded as follows: "We have passed your request along but are not in a position to provide a substantive answer today. We will be sure to update you once we have a more definitive response to this request." Defendants did not provide a timeline for when they expect to respond to Plaintiff's request for disclosure of public records or identify to whom the request was directed. Plaintiff will promptly notify this Court of Defendants' further response, if any.

In the interim, Plaintiff respectfully defers to this Court's discretion about whether to continue to wait for a response from Defendants or *sua sponte* direct disclosure of all public records from the intercircuit-assignment process, similar to records Defendants disclosed during the prior appeal in this case. *See* Case No.

1

21-1346, Doc. 108, at 13–21. Plaintiff will continue to await Defendants' response to her request and then determine whether further motions practice is warranted.

Plaintiff notes, however, that although this "proceeding *must* be given preference over ordinary civil cases," Fed. R. App. P. 21(b)(6) (emphasis added), her mandamus petition has been pending for two-and-a-half months without a ruling or a response being ordered, *see* Fed. R. App. P. 21(b)(1) ("The court may deny the petition without an answer. Otherwise, it must order the respondent, if any, to answer within a fixed time."). This delay is in contrast to a prior mandamus proceeding in this case, in which a notice designating the panel and order requesting a response to the mandamus petition were both entered one day after the mandamus petition was filed. Case No. 23-2132, Doc. Nos. 9, 10.

The designation and appointment of two new judges on a three-judge appellate panel on July 9, 2024, well over two months after the mandamus petition was filed on April 23, 2024, also raises reasonable questions about whether, or how, there was a quorum to act on the mandamus petition during this period. *See* 28 U.S.C. § 46(d) ("A majority of the number of judges authorized to constitute a court or panel thereof . . . shall constitute a quorum."); *see also Guidelines for the Intercircuit Assignment of Article III Judges* 2 (2012) (a visiting judge may not take "official action" until an intercircuit assignment is "completed," meaning that it "has been approved by the Chief Justice and that approval has been filed in the

2

borrowing court"). If such a quorum was lacking, this circumstance would raise reasonable questions about whether named Defendants, who play key roles in the intercircuit-assignment process, were aware that the panel lacked a quorum to rule on Plaintiff's mandamus petition—which directly benefitted Defendants' interests, because the mandamus petition necessarily could not have been granted if there was no quorum to do so—while Plaintiff and the public were not.

In short, there is a tension between Plaintiff's right to a prompt decision on her mandamus petition, which "must be given preference over ordinary civil cases," Fed. R. App. P. 21(b)(6), and reasonable questions about the fairness and integrity of this proceeding. Defendants' delay in responding to Plaintiff's inquiry about intercircuit-assignment records—the same type of records they previously disclosed voluntarily (at least in part)—heightens these concerns about basic fairness and compounds the prejudice to Plaintiff that has already occurred.

It has been nearly two years since Plaintiff moved for a preliminary injunction on July 27, 2022. Plaintiff continues to suffer irreparable harm due to the delay, as discussed in her mandamus petition. Doc. 2. Under these unusual circumstances, Plaintiff respectfully defers to this Court's discretion about whether to proceed on the mandamus petition and motion for certification prior to the disclosure of all public records from the intercircuit-assignment process as she awaits Defendants' response. *See* Doc. 19 at 2.

This the 11th day of July, 2024.

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Petitioner*

**CERTIFICATE OF SERVICE**

I, Cooper Strickland, hereby certify that on this 11th day of July, 2024, I will electronically file the foregoing with the Clerk of Court by using the appellate CM/ECF system, which will accomplish service on counsel for Respondent.

/s/ Cooper Strickland
Cooper Strickland