IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

|  |  |  |
|---|---|---|
| In re CARYN DEVINS STRICKLAND, Petitioner. | ) ) ) ) ) ) ) | No. 2024-1353 [No. 1:20-cv-00066] |

**UPDATED NOTICE OF DEFENDANTS' LACK OF A RESPONSE REGARDING DISCLOSURE OF PUBLIC RECORDS FROM THE INTERCIRCUIT-ASSIGNMENT PROCESS**

On July 10, 2024, Plaintiff-Appellant Caryn Devins Strickland requested disclosure of all public records from the intercircuit-assignment process in this case, including at the district court level and on appeal, from Defendants, some of whom are judiciary officials who may play a key role in the process of selecting judges for intercircuit assignments. *See* Doc. 19. On July 11, 2024, Defendants informed Plaintiff that "[w]e have passed your request along but are not in a position to provide a substantive answer today. We will be sure to update you once we have a more definitive response to this request." Doc. 20. As of the date of this filing, Plaintiff has not received any further response from Defendants.

Defendants' continued delay in responding to Plaintiff, without explanation, circumvents the requirement to confer prior to seeking any appropriate relief in this Court, *see* Fourth Cir. Loc. R. 27(a), and compounds the prejudice incurred from

1

the delay of nearly three months in the resolution of Plaintiff's mandamus petition without a ruling or response being ordered, *see* Fed. R. App. P. 21(b)(1) ("The court may deny the petition without an answer. Otherwise, it must order the respondent, if any, to answer within a fixed time."). During this time, Defendants have benefitted from a ruling in their favor on Plaintiff's motion to certify a question of law regarding the ongoing two-year delay in ruling on her motion for preliminary injunction to the U.S. Supreme Court. *See* Doc. 21.

Given that Defendants normally play key roles in the intercircuit assignment process, the two-and-a-half-month delay in designating and appointing two new judges on a three-judge appellate panel—a delay which *directly* benefitted Defendants' interest in not having the mandamus petition granted—raises reasonable concerns about fairness in this proceeding. Defendants continue to fail to provide disclosures of basic information that could dispel these concerns (the same type of information that Defendants disclosed, at least in part, during a prior appeal in this case) even after stating that "*[w]e will be sure to update you once we have a more definitive response to this request.*" Doc. 20 (emphasis added). Defendants' continued failure to provide transparency about the intercircuit-assignment process heightens the reasonable concerns about fairness and results in continued prejudice to Plaintiff, whose mandamus petition "must be given preference over ordinary civil cases." Fed. R. App. P. 21(b)(6).

This the 18th day of July, 2024.

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Petitioner*

**CERTIFICATE OF SERVICE**

I, Cooper Strickland, hereby certify that on this 18th day of July, 2024, I will electronically file the foregoing with the Clerk of Court by using the appellate CM/ECF system, which will accomplish service on counsel for Respondent.

/s/ Cooper Strickland
Cooper Strickland